69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Delbert STEVENS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5377.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1995.
 
 1
 E.D.Ky., No. 95-00014; Jennifer B. Coffman, District Judge.
 
 
 2
 E.D.Ky.
 
 
 3
 AFFIRMED.
 
 
 4
 BEFORE: MERRITT, Chief Judge; RYAN, Circuit Judge, and CLELAND, District Judge.*
 
 ORDER
 
 5
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 In April 1986, Thomas Delbert Stevens was convicted of receiving and possessing a firearm in interstate commerce by a convicted felon in violation of 18 U.S.C. Sec. 1202(a)(1) and sentenced to ten years in prison as a "dangerous special offender." 18 U.S.C. Sec. 3575(b). This court affirmed the conviction and sentence on direct appeal. United States v. Stevens, No. 86-5608, 1987 WL 37005 (6th Cir. April 13, 1987) (per curiam), cert. denied, 484 U.S. 841 (1987).
 
 
 7
 In his motion to vacate sentence, Stevens claimed that: 1) he was unconstitutionally subjected to a felony conviction in federal court for conduct that amounted to only a misdemeanor under state law; and 2) the arresting Kentucky State Trooper maliciously gave perjured testimony to influence the district court that he (Stevens) was a dangerous special offender. The motion to vacate was submitted to a magistrate judge who recommended denying the motion because it was successive. The district court adopted the magistrate judge's report and recommendation over Stevens's objections. Stevens appeals that judgment.
 
 
 8
 Upon review, we conclude that the district court properly dismissed Stevens motion to vacate because it is successive. A motion to vacate may be dismissed as successive if: 1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application; 2) the prior determination was on the merits; and 3) the ends of justice would not be served by reaching the merits of the subsequent application. Sanders v. United States, 373 U.S. 1, 15 (1963); Rule 9(b) [first clause], Rules Governing Sec. 2255 Proceedings.
 
 
 9
 Stevens's claims are indeed successive because they are the same claims previously addressed and determined adversely to him on the merits. Furthermore, Stevens has not supplemented his constitutional claims with a colorable showing of factual innocence that would require this court to entertain his motion to vacate sentence. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 10
 Accordingly, we affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation dated January 18, 1995, as adopted by the district court in its order dated February 24, 1995.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation